# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

BRENDA KINNAMAN                                                  PLAINTIFF

v.                          No. 4:17CV00519 JLH

WHITNEY TURK HARTMAN; and
AKEL HOLDINGS, INC., d/b/a/
PACKS DISCOUNT LUMBER, INC.,
and d/b/a PACKS DISCOUNT LUMBER CO.                  DEFENDANTS

## OPINION AND ORDER

Brenda Kinnaman commenced this negligence action on August 15, 2017, against Whitney Turk Hartman and Akel Holdings, Inc., d/b/a Packs Discount Lumber, Inc., and Packs Discount Lumber Co., to recover damages arising out of a 2011 car accident. The defendants have moved to dismiss the action on three grounds: (1) insufficiency of process under Federal Rule of Civil Procedure 12(b)(4); (2) insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5); and (3) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The motion is denied.

The defendants argue that this action is barred by Arkansas's three-year statute of limitations, codified at Ark. Code Ann. § 16-56-105. Although the present action was not commenced until August 2017, the plaintiff filed a previous action in this Court on May 27, 2014. The May 2014 suit alleged negligence arising out of the 2011 car accident against Whitney Turk Hartman, Packs Discount Lumber, Inc., and an insurance company not named here. The plaintiff served defendant Turk Hartman and served Richard Akel, as the agent for service of process of Packs Discount Lumber, Inc. An attorney entered an appearance on behalf of both Turk Hartman and Packs Discount Lumber, Inc. On August 16, 2016, this Court dismissed that case without prejudice for

failure to prosecute. Document #13-5. The plaintiff commenced this action within one-year of the dismissal.

The Arkansas savings statute tolls the three-year statute of limitations period where the original action is timely "commenced" and where the plaintiff suffers a "nonsuit." Ark. Code Ann. § 16-56-126(a)(1). An action is "commenced" when the initial complaint is timely filed and service of the complaint and summons is completed. *Rettig v. Ballard*, 2009 Ark. 629, 5, 362 S.W.3d 260, 263. A "nonsuit" includes an action that has been dismissed without prejudice. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (citing *Carton v. Missouri Pac. R. Co.*, 295 Ark. 126, 128, 747 S.W.2d 93, 94 (1988)).

The plaintiff filed the initial action within the three-year statute of limitations. The plaintiff served the defendants with the summons and complaint. The plaintiff suffered a nonsuit. The plaintiff, then, timely commenced the present action under the Arkansas savings statute. Nevertheless, the defendants contend that the plaintiff is unable to invoke the savings statute because she did not name Akel Holdings, Inc., d/b/a Packs Discount Lumber, Inc., nor Packs Discount Lumber Co., in her first suit—she, instead, named Packs Discount Lumber, Inc., only. Because the first action did not name them expressly, the defendants argue, the action cannot be tolled as to them.

The plaintiff has served the defendants properly. Richard Akel was served in the first suit. Richard Akel was served in this suit. Richard Akel is listed as the agent for service of process for Akel Holdings, Inc., which has a registered fictitious name of Packs Discount Lumber Co. Document #13-4. The defendants' motion acknowledges that Akel Holdings does business as Packs Discount Lumber, Inc. In the first suit, an attorney made an appearance and filed an answer on

behalf of Packs Discount Lumber, Inc. The initial action may have named the defendants under a trade name, but that is not fatal. The change in defendant names simply "corrected a misnomer and did not substitute a new party." *See Winters v. Lewis*, 260 Ark. 563, 569-70, 542 S.W.2d 746, 750 (1976).

Moreover, the defendants' default-by-technicality argument does not comport with the nature of the savings statute. The savings statute is remedial in nature. *Linder v. Howard*, 296 Ark. 414, 417, 757 S.W.2d 549, 551 (1988). Its purpose is "to protect those who, although having filed an action in good faith and in a timely manner, would suffer a complete loss of relief on the merits because of a procedural defect." *Id*. at 418, 757 S.W.2d at 551. The Arkansas Supreme Court has interpreted the savings statute with a "liberal and equitable construction . . . in order to give litigants a reasonable time to renew their cause of action when they are compelled to abandon it as a result of their own act or the court's." *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 177, 866 S.W.2d 372, 374 (1993). This means that "[a] court's later ruling finding that completed service [was] invalid does not disinherit the plaintiff from the benefit of the saving statute." *Id.* Accordingly, even if the plaintiff's initial service suffered a defect, the remedial nature and purpose of the savings statute renders it harmless.

As to the defendants' arguments regarding service under Rule 12(b)(4) and service of process under Rule 12(b)(5), the Court finds them to be without merit. Other than conclusory allegations of insufficiency, the defendants have not provided the Court with an argument on the alleged insufficiency. At the time that the defendants filed their motion to dismiss (Document #9), proof of service had not yet been returned or docketed. As of now, though, the record reflects that Richard Akel, as registered agent for Akel Holdings, was served on September 8, 2017. Document #11.

For the foregoing reasons, the defendants' motion is DENIED. Document #9.

IT IS SO ORDERED this 30th day of October, 2017.

                                                                      _____
                                                                      J. LEON HOLMES
                                                                       UNITED STATES DISTRICT JUDGE